IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JEREMY R. BARA                                                                    PLAINTIFF

v.                    Civil No. 5:18-cv-05133

DEPUTY LITZINGER, Washington                                                      DEFENDANT
County Detention Center

## OPINION AND ORDER

Plaintiff, Jeremy R. Bara, filed this action pursuant to 42 U.S.C. §1983. He proceeds *pro se* and *in forma pauperis*. Plaintiff is incarcerated in the Washington County Detention Center (WCDC). Plaintiff maintains his constitutional rights were violated when the Defendant used excessive physical force against him.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

## I. BACKGROUND

According to the allegations of the Complaint (ECF No. 1), when inmates are brought in from yard call they are subject to being searched while placed along a wall. Plaintiff alleges that on June 25, 2018, Defendant "kicked" his right ankle without first asking him to spread his legs. Plaintiff maintains his right ankle was injured.

Plaintiff asserts that he was immediately taken to see the nurse, who concluded it "looked like a busted blood vessel." Plaintiff was prescribed Naproxen and an ice pack.

Plaintiff has sued the Defendant in both his individual and official capacities. As relief, Plaintiff seeks compensatory and punitive damages.

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

However, mere conclusory allegations with no supporting factual averments are insufficient to state a claim upon which relief can be based. *Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993); *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)(citations omitted).

## III. DISCUSSION

Plaintiff is a pretrial detainee. (ECF No. 1 at 3). The Supreme Court has held that a pretrial detainee's excessive force claim should be analyzed under an objective reasonableness

standard. *Kingsley v. Hendrickson*, et al, ___ U.S. ____, 135 S. Ct. 2466, 2473 (2015). The objective reasonableness of a use of force "turns on the 'facts and circumstances of each particular case.'" *Id.* (*quoting Graham v. Connor*, 490 U.S. 386, 396 (1989)). The determination should be made:

> from the perspective of a reasonable officer on the scene. A court must also account for the "legitimate interests that stem from [the government's] need to manage the facility in which the individual is detained," appropriately deferring to "policies and practices that in th[e] judgment" of jail officials "are needed to preserve internal order and discipline and to maintain institutional security."

*Id.* (*quoting Bell v. Wolfish*, 441 U.S. 520, 540 (1979)). An action is objectively unreasonable if it is not reasonably related to legitimate governmental interests such as maintaining order and security. *Id.*

In determining whether a given use of force was reasonable or excessive, the Court held that the following may bear on the issue:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Id*. The Court noted that the list was not exclusive but instead only illustrated the "types of objective circumstances potentially relevant to a determination of excessive force." *Id*.

Not every push or shove rises to the level of a constitutional violation. *Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010). "Section 1983 is intended to remedy only egregious conduct and not every assault or battery which violates state law will create liability under it." *Askew v. Millerd*, 191 F.3d 953, 958 (8th Cir. 1999).

Given the standards set forth above, the June 25th incident does not rise to the level of a constitutional violation. Clearly, Defendant's action was related to a legitimate penological

purpose—making sure no contraband was being brought into the detention center for the safety and security of both the inmates and the detention officers. Only the amount of force, a single kick, necessary to spread Plaintiff's ankles/legs so that he could be searched was used. *See e.g., Jones v. City of Dothan, Ala.*, 121 F3d 1456, 1460 (11th Cir. 1997)("[w]hile use of force against [plaintiff] may have been unnecessary, the actual force used and the injury inflicted were both minor in nature" where the officers "'slammed' [plaintiff] against the wall, kicked his legs apart, required him to raise his arms above his head, and pulled his wallet from his pants"); *Piper v. City of Elmira*, 12 F. Supp. 3d 577, 592 (W.D.N.Y. 2014)(the shove on the stairs and kicking apart the Plaintiff's legs during a pat down search "was not objectively sufficiently serious to rise to the level of a constitutional violation); *Shabazz v. Pico*, 994 F. Supp. 460, 471 (S.D.N.Y. 1998)(holding that kicking an inmate's feet apart during a pat-frisk search, while not condoned, is not excessive force). According to Plaintiff, such a search occurred each time they left yard call. Thus, Plaintiff was aware of the need to spread his legs for the search.

Plaintiff's official capacity claim is considered to be a claim against the governmental entity, here, Washington County. "A municipality may be liable under § 1983 where 'action pursuant to official municipal policy of some nature caused a constitutional tort.'" *Hollingsworth v. City of St. Ann*, 800 F.3d 985, 991-992 (8th Cir. 2015)(*quoting Monell v. Department of Soc. Servs.,* 436 U.S. 658, 691 (1978)). Here, Plaintiff has not alleged the existence of any governmental policy, custom, or wide spread practice. No official capacity claim is stated.

## IV. CONCLUSION

No plausible claims are stated. Therefore, this case is **DISMISSED WITHOUT PREJUDICE.** *See* 28 U.S.C. § 1915(e)(2)(B)(i-ii)(*in forma pauperis* action, or any portion of it, may be dismissed at any time due to frivolousness or for failure to state a claim).

The dismissal of this case will count as a strike under 28 U.S.C. § 1915(g). The **Clerk** is directed to put a § 1915(g) strike flag on the case.

IT IS SO ORDERED on this 19th day of July 2018.

/s/ P. K. Holmes, III
P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE